IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY FORD                                                                                          PLAINTIFF

v.                                              CIVIL NO. 23-cv-5146

MARTIN J. O'MALLEY,[1] Commissioner                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Jerry Ford, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on March 9, 2020. (Tr. 98). In his application, Plaintiff alleged disability beginning on April 29, 2019, due to hip pain, back pain, bone spurs, diabetes, high cholesterol, PTSD, and arthritis in his knees. (Tr. 98, 298). An administrative hearing was held via telephone on April 8, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 35–49). A vocational expert ("VE") also testified. *Id*.

On May 13, 2021, the ALJ issued an unfavorable decision. (Tr. 95–114). The ALJ found Plaintiff suffered from the severe impairments of osteoarthritis, degenerative disc disease,

---

[1] Martin J. O'Malley has been appointed to serve as the Commissioner of the Social Security Administration and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

obesity, and diabetes mellitus. (Tr. 101–102). The ALJ also considered Plaintiff's treatment for pain in his knees, obstructive sleep apnea, chronic obstructive lung disease, and PTSD and found none of these impairments were severe. *Id*. The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 102–103). The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §404.1567(b) except that he could only occasionally balance, crawl, kneel, stoop, and/or crouch. (Tr. 103–107).

With the assistance of the VE, the ALJ found Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of small production assembler, power screwdriver operator, and merchandise marker. (Tr. 107–108). The ALJ found Plaintiff had not been disabled as defined by the Act from April 29, 2019, through May 13, 2021, the date of the decision. (Tr. 108–109).

On January 26, 2022, the Appeals Council remanded this case back to the ALJ to consider Plaintiff's sleep apnea and resultant fatigue, Plaintiff's subjective complaints, and a Pain Questionnaire from March 23, 2020. (Tr. 115–18). A second administrative hearing was held via telephone on May 24, 2022, which Plaintiff attended with counsel. (Tr. 50–66). Plaintiff and a VE provided testimony.

On October 12, 2022, the ALJ issued a partially favorable decision, finding Plaintiff had become disabled beginning on September 28, 2022, when Plaintiff's age category changed but he had not been disabled prior to that date. (Tr. 11–25). The ALJ found Plaintiff suffered from the severe impairments of osteoarthritis, degenerative disc disease status post-surgery, sleep apnea, chronic obstructive pulmonary disease, diabetes mellitus, and obesity. (Tr. 17). The ALJ

found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17–18). The ALJ found that, since April 29, 2019, Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that he must avoid ropes, ladders, and scaffolds, unprotected heights, and moving machinery. He can occasionally climb stairs and ramps, balance, crawl, kneel, stoop, and crouch. He must avoid concentrated exposure to fumes, dusts, odors, gases and similar pulmonary irritants. He can frequently operate foot controls bilaterally.
> (Tr. 18–23).

With the assistance of the VE, the ALJ determined that Plaintiff was unable to perform any of his past relevant work, but could perform the representative occupations of merchandise marker, office helper, and router dispatcher until September 28, 2022, when his age category changed, and he became disabled. (Tr. 23–25). The ALJ found that Plaintiff was not disabled prior to September 28, 2022, but became disabled on that date and has continued to be disabled through October 12, 2022, the date of the decision. (Tr. 25).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred by finding three conflicting opinions from three medical experts persuasive; and 2) whether the ALJ erred by failing to account for Plaintiff's limitations stemming from his sleep apnea. (ECF No. 13). Defendant argues the ALJ properly considered the prior administrative medical findings of Dr. Elizabeth Berry and Dr. Rosey Seguin-Calderon, who both opined that Plaintiff could perform light work with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, and scaffolds. (ECF No. 15). Defendant further argues that Plaintiff fails to cite any evidence that Plaintiff did not improve following his lumbar fusion in September of 2020, and thus his arguments concerning Dr. Seguin-Calderon's opinion are unavailing. *Id*. Defendant argues the ALJ was not required to explicitly reconcile every conflicting piece of medical evidence, and that the RFC assessment is ultimately an administrative determination reserved to the commissioner. Finally, Defendant argues the ALJ properly considered the Plaintiff's sleep apnea in formulating his RFC, discussing the impact of his noncompliance with treatment on his limitations and included hazard limitations in the RFC reasonably accounting for fatigue/lethargy resulting from Plaintiff's sleep apnea.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered Plaintiff's impairments and provided limitations in the RFC for those impairments. The ALJ considered all of the medical opinion evidence in formulating the RFC, clarifying

which parts of each opinion he found persuasive. For the reasons stated in the ALJ's opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

   IT IS SO ORDERED this 23rd day of May 2024.

            /s/ *Christy Comstock*
            HON. CHRISTY COMSTOCK
            UNITED STATES MAGISTRATE JUDGE